## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **LAWRENCE OAKLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 14-3044-SEM** |
| | ) | |
| | ) | |
| **LT. EVANS, LT CANDICE CAIN,** | ) | |
| **LT. B, LT. LOFTUS, WILLIAM** | ) | |
| **STRAYER, SERGEANT CLEMONS,** | ) | |
| **CORRECTIONAL OFFICER MARKS,** | ) | |
| **CORRECTIONAL OFFICER KIRBY,** | ) | |
| **MELISSA CHILDRESS, CRAIG R.** | ) | |
| **REISER, TERRY DURR, and** | ) | |
| **NEIL WILLIAMSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MERIT REVIEW OPINION</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Lawrence Oakley's claims and on his motion to proceed in forma pauperis.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who

seeks to proceed in forma pauperis.  The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).  Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as

true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Plaintiff Lawrence Oakley was a pretrial detainee in the Sangamon County Illinois Detention Center ("the Detention Center") from November 12, 2007, until December 30, 2011. Oakley is now an inmate within the Illinois Department of Corrections and is housed at the Stateville Correctional Center in Joliet, Illinois.

Oakley alleges that, during his detention in the Detention Center, Defendants violated his Constitutional rights in four ways. First, Oakley claims that Defendant Lt. Evans deprived him of his right to vote on or about January 28, 2008. Second, Oakley claims that Defendants Strayer and Clemons violated his religious freedoms by allowing preachers to use common areas in the Detention Center to conduct religious services and requiring those

detainees who did not want to attend the service to return to their cells. Oakley asserts that these violations occurred on September 21, 2009, October 8, 2009, November 10, 2009, and April 7, 2011.

In addition, Oakley states that Defendants Marks and Kirby violated his religious freedoms and his equal protection rights by confiscating his religious items but allowing Christians in the facility to retain their religious items. Oakley alleges that these actions occurred on July 6 2008, and October 3, 2008.

Third, Oakley contends that Defendant Childress threatened to have him killed on July 30, 2008. Oakley further contends that Craig Reiser, his court-appointed attorney, did nothing to assist him concerning Defendant Childress' threats.

Fourth, Oakley alleges that, although he wrote a grievance on December 23, 2011, regarding the fact that he had not been allowed to receive outside recreation time during his entire stay at the Detention Center, he never received a response to his grievance. Oakley states that Defendants Durr and Williamson are liable to him for these violations based upon their supervisory positions at the Detention Center.

The Court does not believe that Oakley's causes of action sufficiently state a claim upon which relief can be granted. The Court need not make such a determination on each of Oakley's four causes of action, however, because all of Oakley's claims are barred by the applicable statute of limitations.

"A federal court borrows the applicable state statute of limitations for § 1983 (and similar) claims, and in Illinois, the statute of limitations for such claims is two years from when a plaintiff knows or should know of his injury." *McDonald v. White*, 2012 WL 478076, * 3 (7th Cir. Feb. 15, 2012)(internal citations omitted). Although the statute of limitations is an affirmative defense, dismissal on the allegations is appropriate when "the facts pleaded in the complaint establish that a claim is time barred." *Logan v. Wilkins*, 644 F.3d 577, 582-83 (7th Cir. 2011).

Oakley's Complaint is clearly time barred based upon the specific facts contained within his Complaint. Oakley alleges that he was transferred from the Detention Center on December 30, 2011. All of the alleged wrongs committed against him by Defendants occurred before then, and some of them occurred as early as 2008.

However, Oakley did not file his Complaint until January 13, 2014. Oakley knew or should have known about all of the alleged wrongs committed against him by Defendants within two years of the occurrence of the alleged wrongs, but he did not file this lawsuit until well beyond the applicable two year statute of limitations period. *McDonald*, 2012 WL 478076 at * 3. Accordingly, Oakley's suit is barred by the applicable statute of limitations.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's motion to proceed in forma pauperis [3] is GRANTED. Pursuant to 28 U.S.C. Section 1915(b)(1), the Court waives the initial partial filing fee based upon Plaintiff's inability to pay. The agency having custody of Plaintiff is directed to make monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account to the Clerk of Court. The agency having custody of the Plaintiff shall forward these payments each time Plaintiff's account exceeds $10 until the filing fee is paid in full. Plaintiff is liable for the filing fee despite the fact that the Court has dismissed this case. The Clerk is directed to mail a copy of this order to Plaintiff's place of confinement to the attention of the Trust Fund Office.

2.    Plaintiff's Complaint is dismissed because it is barred by the applicable statute of limitations period.  Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

3.    This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

4.    If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.

5.    **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58.  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.  Plaintiff's motion to proceed in forma pauperis [3] is GRANTED.  All other pending motions are DENIED as moot.**

ENTER:  March 26, 2014

FOR THE COURT:


                              s/ Sue E. Myerscough
                                  SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE